**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-20598-RNS (Scola/Torres)

ANDRES GOMEZ,

                 *Plaintiff*,

    v.

CHEVRON CORPORATION,

                 *Defendant*.

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL**
**JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Chevron Corporation ("Chevron") respectfully moves to dismiss the complaint for lack of personal jurisdiction, for the reasons set forth in the following memorandum of law.

**INTRODUCTION**

Plaintiff Andres Gomez claims that Chevron violated Title III of the Americans with Disabilities Act ("ADA") by failing to design and program www.chevron.com for compatibility with screen readers. Mr. Gomez's complaint is devoid of any factual allegations that would warrant this Court's exercise of personal jurisdiction over Chevron in this case. A defendant who is not incorporated in the forum state, who does not maintain its principal place of business in the forum state, and who otherwise has not purposefully availed itself of the forum state in connection with the particular dispute cannot be sued in the forum state. That is settled personal-jurisdiction jurisprudence, and it dooms Mr. Gomez's suit against Chevron in this Court. As explained below, the complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

## RELEVANT ALLEGATIONS

Mr. Gomez claims he is unable to use www.chevron.com because the website allegedly was not "adequately design[ed] and program[med]" to work with the screen-reading software he uses. Compl. ¶¶ 20–24. He alleges that Chevron has "centralized policies regarding the maintenance and operation of its website," but that Chevron "has never had a plan or policy that is reasonably calculated to make its website fully accessible to, and independently usable by, people with visual impairments." *Id.* ¶ 28. Owing to the website's allegedly deficient design and programming, Mr. Gomez alleges he "suffered an injury in fact including loss of dignity, mental anguish and other tangible injuries." *Id.* ¶ 25. He purports to sue "on behalf of all legally blind individuals who have attempted, or will attempt, to access Defendant's website using screen reader software," regardless of location. *Id.* ¶ 30.

## ARGUMENT

Courts may not exercise personal jurisdiction over a defendant unless doing so comports with due process. *USA Mgmt. Grp. v. Fitness Publ'ns, Inc.*, No. 14-22477, 2015 WL 11233075, at *1–2 (S.D. Fla. Mar. 4, 2015) (Scola, J.). Due process recognizes two types of personal jurisdiction: general (all-purpose) jurisdiction and specific (case-linked) jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). General jurisdiction exists only when a defendant is "at home" in the particular forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). If a corporation is at home in a state, courts in that state may exercise personal jurisdiction over the corporation for any cause of action. *Id.* at 138. Specific jurisdiction exists only when the plaintiff's specific claims "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers*, 137 S. Ct. at 1780 (alterations omitted). In other words, the defendant's

own "suit-related conduct must create a substantial connection with the forum State," *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), or specific jurisdiction does not exist.

The plaintiff bears the burden of alleging facts sufficient to make out a prima facie case for personal jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Exist, Inc. v. Woodland Trading Inc.*, No. 14-61354, 2015 WL 881407, at *1 (S.D. Fla. Mar. 2, 2015) (Scola, J.). Mr. Gomez has not carried that burden here. He fails to allege facts sufficient to support the exercise of general or specific personal jurisdiction over Chevron in this case. The complaint must therefore be dismissed under Rule 12(b)(2).

## I.   MR. GOMEZ DOES NOT ALLEGE A PLAUSIBLE BASIS FOR GENERAL JURISDICTION OVER CHEVRON.

General jurisdiction exists only where the defendant is at home. The Supreme Court has made clear that a corporation is not at home in every state in which it merely "engages in a substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 138. Rather, in all but "exceptional case[s]"—such as when a corporation has temporarily moved its operations during war, *see BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558–59 (2017); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952)—a corporation's "home" is limited to its "place of incorporation and its principal place of business," *Daimler*, 571 U.S. at 137–38 & n.19. "Those affiliations have the virtue of being unique . . . [and] easily ascertainable." *Id.* at 137.

Chevron is not at home in Florida. Chevron neither is incorporated under the laws of Florida, Compl. ¶ 16, nor maintains its principal place of business in Florida, Ex. A (Declaration of Kari H. Endries) ¶ 3. And Mr. Gomez does not allege any facts that would rank this case as an "exceptional case" for exercising general jurisdiction over Chevron. Quite the opposite. Mr. Gomez offers only the conclusory allegation that Chevron "does substantial business in this judicial district," Compl. ¶ 13, which, as a matter of law, is insufficient to permit the Court's

3

exercise of general jurisdiction over Chevron, *Daimler*, 571 U.S. at 138.[1]  Accordingly, the Court lacks general jurisdiction.

## II.     MR. GOMEZ DOES NOT ALLEGE A PLAUSIBLE BASIS FOR SPECIFIC JURISDICTION OVER CHEVRON.

Specific jurisdiction lies only when the plaintiff's specific claims arise out of the defendant's contacts with the forum.  *Bristol-Myers*, 137 S. Ct. at 1781.  The inquiry is sharply "*defendant*-focused," such that specific jurisdiction cannot arise from "contacts between the *plaintiff* . . . and the forum."  *Walden*, 134 S. Ct. at 1122 (emphases added).  As this Court has put it: "the litigation [must be] based on [the defendant's] activities in Florida."  *USA Mgmt.*, 2015 WL 11233075, at *3.  Mr. Gomez's claim, however, is not based on any of *Chevron's* activities in Florida, so specific jurisdiction is lacking.

The only Chevron conduct alleged to give rise to Mr. Gomez's claim relates to the development and coding of www.chevron.com.  Compl. ¶ 24.  According to Mr. Gomez, the website violates the ADA because it "does not meet" certain "guidelines for making websites accessible" to individuals with visual impairments.  *Id.* ¶¶ 21, 23.  In other words, this case is about *how* Chevron allegedly "design[ed] and program[med] its website."  *Id.* ¶ 24.  And that is the only "*relevant* conduct" for personal jurisdiction purposes.  *Bristol-Myers*, 137 S. Ct. at 1781 (emphasis in original).  Indeed, were the website designed and programmed differently, Mr. Gomez would have no complaints.  *See* Compl. at 9–10 (Prayer for Relief ¶¶ a, b).

The website was not designed or programmed *in Florida*.  *See* Ex. A ¶ 4.  Nor does Mr. Gomez allege that the design and programming of the website were targeted *at Florida*.  He

---

[1]     The allegation also must be ignored because Mr. Gomez alleges no facts to evaluate whether Chevron's business activities in Florida are truly "substantial" when compared with all the other business Chevron conducts.  *See Daimler*, 571 U.S. at 139 n.20.

alleges exactly the opposite: that www.chevron.com is designed and programmed pursuant to "centralized policies" at Chevron. Compl. ¶ 28. Because Chevron's "relevant conduct occurred entirely" outside Florida, "the mere fact that [its] conduct affected [a] plaintiff[] with connections to [Florida does] not suffice to authorize jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1781–82.

Mr. Gomez points to no Chevron activity whatsoever that both took place in Florida and gives rise to this suit. The fact that Internet-users can call up www.chevron.com from their Internet browsers from within Florida (and every other state) is not such an activity. For, that conduct *of Internet users* is not conduct *of Chevron* in the forum. *See Walden*, 134 S. Ct. at 1122 (relationship between defendant's suit-related conduct and the forum "must arise out of contacts that the defendant *himself* creates with the forum") (emphasis in original); *Waite v. AII Acquisition Corp.*, No. 15-62359, 2016 WL 2346743, at *4 (S.D. Fla. May 4, 2016) ("[Plaintiff] only became ill in Florida (as opposed to another forum) because he moved to Florida. Under *Walden*, that connection is simply too tenuous to connect [Defendant] with Florida in any meaningful way."). Indeed, were a plaintiff's mere visit to a company's website sufficient to establish specific jurisdiction in whichever state the plaintiff happens to be at the time, nearly *every* company would be subject to specific jurisdiction in *any* state. That result is plainly at odds with the Supreme Court's decisions in *Daimler* and *Walden*.

Thus, courts have resoundingly recognized that the "mere availability of a website in the district does not confer personal jurisdiction." *Honus Wagner Co. v. Luminary Grp.*, No. 17-61317, 2017 WL 6547899, at *12 (S.D. Fla. Dec. 21, 2017); *accord Shipping & Transit, LLC v. WOV, LLC*, No. 16-80860, 2016 WL 5338078, at *4 (S.D. Fla. Sept. 23, 2016) ("[T]he availability of [a] Defendant's website to all customers throughout the country, . . . is insufficient to establish jurisdiction."); *Zamora Radio, LLC v. Last.fm Ltd.*, No. 09-20940, 2011 WL 2580401,

at *10 (S.D. Fla. June 28, 2011) ("[Defendant's] website alone cannot confer a basis for jurisdiction in this forum.").  This is particularly true when the plaintiff asserts a basis for personal jurisdiction arising from the plaintiff's unilateral decision to call up the defendant's website. *Shipping & Transit*, 2016 WL 5338078, at *4 n.2; *see Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[U]nilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

Notwithstanding these settled due-process limitations on courts' exercise of specific jurisdiction, the District of Massachusetts has twice found it proper to exercise specific jurisdiction over a defendant merely because a plaintiff asserted an ADA claim based on a defendant's allegedly inaccessible website.  Both decisions run directly counter to the Supreme Court's holdings in *Walden* (and its progenitors), which the District of Massachusetts did not cite or otherwise reconcile with its conclusion.  This Court should not follow suit.

Specifically, in one case, the court exercised specific jurisdiction because the *plaintiff* "*attempted to and intends to access* [the defendant's] website from within the forum."  *Access Now, Inc. v. Sportswear, Inc.*, No. 17-11211, 2018 WL 1440315, at *4 (D. Mass. Mar. 22, 2018) (emphasis added).  However, *Walden* forbids that sort of analysis, which impermissibly "allows a *plaintiff's* contacts with the defendant and forum to drive the jurisdictional analysis."  *Walden*, 134 S. Ct. at 1125 (emphasis added); *accord Aviation One, Inc. v. Airborne Ins. Consultants*, — F. App'x —, 2018 WL 359998, at *7 (11th Cir. Jan. 11, 2018).  In another case, the court found specific jurisdiction because the plaintiff's alleged "harm—the denial of access to the website—occurred in the" forum.  *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 292–93 (D. Mass. 2017).  That decision violates *Walden* too, for the Supreme Court held "mere injury to a forum resident," even if caused by the defendant, "is not a sufficient connection to the forum."

*Walden*, 134 S. Ct. at 1125; *accord Aviation One*, 2018 WL 359998, at *7.  When a plaintiff would experience the same alleged harm in Florida, "California, Mississippi, or wherever [the plaintiff] might have traveled," the location of that harm is jurisdictionally irrelevant.  *Walden*, 134 S. Ct. at 1125.  That is the case here.[2]

In short, for specific jurisdiction to lie over Chevron, its alleged actions giving rise to *this suit* must have been taken *in Florida*.  They did not.  This Court lacks specific jurisdiction.

## CONCLUSION

Mr. Gomez's complaint should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Chevron respectfully requests a hearing on its motion to dismiss.  Chevron's motion raises important questions of personal jurisdiction and the application of recent Supreme Court decisions on the subject.  Given the importance of the due-process limitations on personal jurisdiction, Chevron submits that oral argument will be useful to the Court in resolving the motion to dismiss.  Chevron requests thirty (30) minutes for oral argument.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: May 28, 2018

s/ Anne Marie Estevez
Anne Marie Estevez
200 S Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
T: (305) 415-3330
F: (305) 415-3001
annemarie.estevez@morganlewis.com

*Counsel for Defendant*

---

[2] Only in intentional tort cases may the plaintiff's having experienced in the forum the effects of the defendant's out-of-forum conduct be sufficient to permit the court to exercise specific jurisdiction.  *See Louis Vuitton*, 736 F.3d at 1357 n.11; *Aviation One*, 2018 WL 359998, at *8.

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via the Court's

CM/ECF system on May 28, 2018 on all counsel of record on the Service List below.

### SERVICE LIST

*Gomez v. Chevron Corporation*
**Case No. 1:18-cv-20598-RNS**
**United States District Court for the Southern District of Florida**

Anthony J. Perez
Alfredo Garcia-Menocal
GARCIA-MENOCAL & PEREZ, P.L.
4937 S.W. 74th Court
Miami, FL 33155
T: (305) 553-3464
ajperez@lawgmp.com
ajperezlaw@gmail.com
mpomares@lawgmp.com

*Counsel for Plaintiff*

s/ Anne Marie Estevez
Anne Marie Estevez

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-20598-RNS (Scola/Torres)

ANDRES GOMEZ,

                  *Plaintiff*,

    v.

CHEVRON CORPORATION,

                  *Defendant*.

**DECLARATION OF KARI H. ENDRIES**

I, Kari H. Endries, hereby declare as follows:

1.    I am over the age of 18 years.  I submit this declaration in support of the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Chevron Corporation in the captioned litigation. The statements in this declaration are based on my personal knowledge, and I can and would competently and truthfully testify to the matters herein if called as a witness.

2.    I am Assistant Secretary at Chevron Corporation.  In that capacity, I am familiar with the corporate structure and business operations of Chevron Corporation.

3.    Chevron Corporation is organized under the laws of the State of Delaware.  Chevron Corporation's headquarters and principal place of business is located in the State of California.

4.    The website www.chevron.com is designed, programmed, and maintained from offices located outside of Florida.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing states are true and correct to the best of my knowledge and belief.

Executed on this 25th day of May, 2018.

Kari H. Endries