United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andres Gomez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-20598-Civ-Scola |
| | ) |
| Chevron Corp., Defendant. | ) |

**Order on Motion to Dismiss**

This matter is before the Court upon the Defendant Chevron Corporation's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Mot., ECF No. 17.) After careful consideration of the motion, all opposing and supporting submissions, the record in this case and the applicable case law, the Court **grants** the motion to dismiss (**ECF No. 17**).

**1. Background**

Gomez filed the instant lawsuit under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), alleging that the Defendant's website, www.chevron.com, is inaccessible to the visually impaired. (ECF No. 1 ¶¶ 1-3.) The Defendant is an American multinational energy corporation with multiple franchised gasoline stations in Florida. (*Id.* ¶ 16.) The Defendant's website allows consumers to locate Chevron gasoline stations, and supports sales and services at the physical locations. (*Id.* ¶¶, 16 18.)

The Plaintiff is legally blind, and therefore a member of a protected class under the ADA. (*Id.* ¶¶ 1, 15.) As a legally blind individual, he must use screen reader software to access and comprehend information on the internet. (*Id.* ¶ 20.) The Plaintiff alleges that when he attempted to access the Defendant's website, the website did not integrate with his screen reader software and the website was inaccessible as a result. (*Id.* ¶ 22.) The Plaintiff claims that if the Defendant's website was accessible, he would have been able to independently research products and services offered at the Defendant's gasoline stations and visited one of those gasoline stations for in-person purchases. (*Id.* ¶ 27.)

The Defendant, a Delaware corporation, is seeking dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

**2. Legal Standard**

When considering a motion to dismiss for lack of personal jurisdiction, the Court conducts a two-part analysis. *Future Tech. Today, Inc. v. OSF*

*Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). First, the Court must determine whether the applicable state long-arm statute is satisfied. *Id.* at 1249 (citation omitted). Second, if the state long-arm statute is satisfied, the Court must analyze whether the exercise of jurisdiction over the defendant is consistent with the Due Process Clause of the Fourteenth Amendment. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

A plaintiff bears the initial burden of proof of pleading sufficient material facts to support long-arm jurisdiction. *Future Tech. Today, Inc.*, 218 F.3d at 1249. The burden then "shifts to the defendant to make a prima facie showing of the inapplicability of the statute." *Id.* (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). Once this prima facie showing is made, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.*

### 3. Analysis

The Defendant requests dismissal arguing that, because the Plaintiff's claim is based on website design and programming, and the Defendant's website was designed and is maintained outside of Florida, the Court lacks personal jurisdiction in this case. (*See* Aff. of Kari H. Endries, ECF No. 17 at 10.) The Defendant argues further that the Plaintiff's claim is not based on any of Chevron's activities in Florida. However, properly construed, the Plaintiff's claim asserts that the Defendant's physical locations in Florida are inaccessible to blind individuals in violation of the ADA because the website, which constitutes in part a tool to locate physical stores, does not interface with the Plaintiff's screen reading software. Thus, the Defendant's arguments do not correctly characterize the Plaintiff's claim. Nevertheless, the Plaintiff must sufficiently allege facts to support long-arm jurisdiction in the first instance. Accordingly, the Court examines the jurisdictional allegations in the complaint.

In pertinent part, the Plaintiff alleges that the Defendant's physical store locations and website work collectively, and together offer services to the public in South Florida. (Compl., ECF No. 1 ¶ 16.) In addition, the Plaintiff alleges that the website is offered as a tool to locate physical gasoline stations. (*Id.* ¶ 4.) Upon review, these allegations alone are insufficient to satisfy the long-arm statute.

Although the Plaintiff claims that Chevron does substantial business in South Florida and that its stores in South Florida work in conjunction with its website, it is not apparent upon which basis the Court may find the long-arm

statute to be satisfied.[1] In his response (ECF No. 18), the Plaintiff argues that because the website is intended to be used in conjunction with brick and mortar locations in Florida, and the Defendant solicits customers in Florida through its website, Chevron has established sufficient minimum contacts to support the exercise of personal jurisdiction. However, the Plaintiff's argument conflates the two prongs of the Court's analysis, and in any event, the Plaintiff may not amend the factual allegations in the complaint in his response to the motion to dismiss. *See Burgess v. Religious Tech. Ctr., Inc.*, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)) (noting that the Eleventh Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss."); *see also Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) (Moore, J.) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).[2]

As a result, as currently pled, the Plaintiff fails to satisfy the initial burden of pleading sufficient facts to support long-arm jurisdiction in this case.

### 4. Conclusion

Accordingly, the Court **grants** the Defendant's motion to dismiss for lack of personal jurisdiction (**ECF No. 17**) and the complaint is **dismissed without prejudice**. The Plaintiff may file an amended complaint on or before August 3, 2018.

**Done and ordered** at Miami, Florida on July 26, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Gomez cites to subsections (1)(b) and (1)(f) of the Florida long-arm statute, Fla. Stat. § 48.193; however, the statute has been amended—subsection (1)(f) no longer exists, and it is unclear how subsection (1)(b) applies in this case. Even if the Court considers the corresponding sections in the current statute, the allegations in the complaint are insufficient.

[2] The Court notes in addition that the Plaintiff also includes a standing argument in the response, which was not raised by the Defendant in its motion to dismiss.